08 CV 00921

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
AUGUSTEA ATLANTICA SRL                  :

           Plaintiff,                  :

     - against -                  :

STX PANOCEAN CO., LTD.                  :

          Defendant.                  :
------------------------------------------------------X

08 CV _____
ECF CASE

RECEIVED
JAN 28 2008
U.S.D.C. S.D. N.Y.

### VERIFIED COMPLAINT

Plaintiff, AUGUSTEA ATLANTICA SRL ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, STX PANOCEAN CO., LTD., ("Defendant""), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Italy and was the Owner of the M/V IGUANA ( "Vessel").

3.    Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Seoul, Korea, and was the Charterer of the Vessel.

4.    By a charter party dated June 4, 2007, the Plaintiff chartered the Vessel to the Defendant for one time charter trip with an estimated duration of about 4 months.

5.    The charter party terms obligated the Defendant to pay daily hire to the Plaintiff in the amount of $42,000 per day, including overtime, every 15 days in advance.

6.    During the course of the Charter, certain disputes arose between the Plaintiff and Defendant regarding the Defendant's breaches of the charter party agreement including its failure to pay Charter Hire due and owing to the Plaintiff and other breaches which resulted in charges against the Plaintiff which are the responsibility of the Defendant.

7.    As a result of Defendant's failure to pay hire due and owing and other breaches of the charter party, Plaintiff has sustained damages in the total principal amount of **$122,053.15** exclusive of interest, costs and attorney's fees.

7.    The charter party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

8.    Plaintiff will soon commence arbitration in London pursuant to the charter party.

9.    Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

10.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $122,053.15 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $26,047.07 |
| C. | Estimated fees and costs: | $35,000.00 |

**Total**                                                                     **$183,100.22**

11.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the

pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the

Defendant.

12.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue

Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules

for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration

Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any

garnishees within the District for the purpose of obtaining personal jurisdiction over the

Defendant, to compel arbitration and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear

and answer under oath all and singular the matters alleged in the Complaint, failing which

default judgment be entered against it in the sum of **$183,100.22.**

B.    That since the Defendant cannot be found within this District pursuant to Rule B

of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant

to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits,

letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other

funds up to the amount of **$183,100.22** belonging to, due or being transferred to, from, or for the

benefit of the Defendant, including but not limited to such property as may be held, received or

transferred in Defendant's name or as may be held, received or transferred for its benefit at,

moving through, or within the possession, custody or control of banking/financial institutions

3

and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.     That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiff's favor against the Defendant as a judgment of this Court;

D.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.     That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: January 28, 2008
       New York, NY

                        The Plaintiff,
                        AUGUSTEA ATLANTICA SRL

                        By: _____
                        Claurisse Campanale Orozco (CC 3581)
                        Thomas L. Tisdale (TT 5263)
                        TISDALE LAW OFFICES LLC
                        11 West 42nd Street, Suite 900
                        New York, NY 10036
                        (212) 354-0025 – phone
                        (212) 869-0067 – fax
                        corozco@tisdale-law.com
                        ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York )
                )   ss.:   City of New York
County of New York )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     January 28, 2008
        New York, NY

_____
Claurisse Campanale-Orozco